IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-80001-KAM

ARRIVALSTAR S.A. and MELVINO
TECHNOLOGIES LIMITED,

      Plaintiffs

v.

PIZZA HUT OF AMERICA, LLC,

      Defendant.

## ANSWER TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS

Defendant Pizza Hut of America, LLC ("Defendant"), by counsel, submits the following Answer and Counterclaims in response to the Amended Complaint for Patent Infringement ("Amended Complaint") (ECF 7) filed by Plaintiffs ArrivalStar S.A. ("ArrivalStar") and Melvino Technologies Limited ("Melvino") (collectively, "Plaintiffs").

## ANSWER

Defendant denies each and every allegation, matter, and thing contained in Plaintiffs' Amended Complaint, and each and every portion thereof, unless herein specifically admitted.

With respect to the individually numbered paragraphs of the Amended Complaint, Defendant answers as follows:

## NATURE OF THE LAWSUIT

1. With respect to Paragraph 1 of the Amended Complaint, Defendant admits that the Amended Complaint purports to allege claims of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but Defendant denies that the Amended Complaint states any valid claims.

## JURISDICTION, VENUE, AND THE PARTIES

2. With respect to Paragraph 2 of the Amended Complaint, Defendant admits that this Court has subject matter jurisdiction over this matter, but Defendant denies that the Amended Complaint states any valid claims.

3. Defendant admits that the Court has personal jurisdiction over it. Defendant denies the remaining allegations of Paragraph 3 of the Amended Complaint.

4. Defendant denies the allegations in Paragraph 4 of the Amended Complaint.

## THE PLAINTIFFS

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint, and on that basis denies them.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint, and on that basis denies them.

## THE DEFENDANT

7. Defendant admits the allegations in the first sentence of Paragraph 7 of the Amended Complaint. Defendant admits that it has a Registered Agent located in Plantation, Florida. Defendant denies the remaining allegations of Paragraph 7 of the Amended Complaint.

## THE PLAINTIFFS' PATENTS

8. Defendant admits that what appears to be a copy of the '645 patent was attached to the original Complaint as Exhibit 1 but is not attached to the Amended Complaint. Defendant denies all other allegations of Paragraph 8 of the Amended Complaint.

9. Defendant admits that what appears to be a copy of the '970 patent was attached to the original Complaint as Exhibit 2 but is not attached to the Amended Complaint. Defendant denies all other allegations of Paragraph 9 of the Amended Complaint.

10. Defendant admits that what appears to be a copy of the '359 patent was attached to the original Complaint as Exhibit 3 but is not attached to the Amended Complaint. Defendant denies all other allegations of Paragraph 10 of the Amended Complaint.

11. Defendant admits that what appears to be a copy of the Reexamination Certificate for the '359 patent was attached to the original Complaint as Exhibit 4 but is not attached to the Amended Complaint. Defendant denies all other allegations of Paragraph 11 of the Amended Complaint.

## COUNT I
## DIRECT PATENT INFRINGEMENT

12. Defendant repeats and realleges its responses to each of the allegations set forth in paragraphs 1 through 11 above as if fully set forth herein.

13. Defendant denies the allegations in Paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Amended Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Amended Complaint.

## COUNT II
## INDIRECT PATENT INFRINGEMENT

16. Defendant repeats and realleges its responses to each of the allegations set forth in paragraphs 1 through 15 above as if fully set forth herein.

17. Defendant denies the allegations in Paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Amended Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Defendant has not infringed the '359, '645, or '970 patents literally or under the doctrine of equivalents, willfully or otherwise, nor has Defendant contributed to or induced infringement of the '359, '645, or '970 patents by any third parties.

3. The '359, '645, and '970 patents are invalid for failure to comply with the requirements of patentability stated in 35 U.S.C. §§ 101 *et. seq.*, including without limitation, §§ 101, 102, 103, and/or 112.

4. Plaintiff's claims are barred in whole or in part under the doctrines of laches, estoppel, acquiescence, waiver, license, implied license and/or unclean hands.

5. Plaintiffs' claim for damages is statutorily limited by 35 U.S.C. § 286.

6. Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may now exist or in the future be available based on discovery or further factual investigation in this case.

## COUNTERCLAIMS

For its counterclaims against Plaintiffs, Defendant alleges as follows:

1. Pizza Hut of America, LLC is a Delaware limited liability corporation with a principal address located at 7100 Corporate Drive, Plano, Texas 75024.

2. Based on the allegations in the Amended Complaint, ArrivalStar S.A. is a Luxembourg corporation having offices located at 67 Rue Michel, Welter L-2730, Luxembourg.

3. Based on the allegations in the Amended Complaint, Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Islands of Tortola, having offices located at P.O. Box 3174, Palm Chambers, 197 Main Street, Road Town, Tortola, British Virgin Islands.

## JURISDICTION

4. This is an action for declaratory judgment of invalidity and non-infringement pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and pursuant to the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

5. This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.

## VENUE

6. To the extent that this Court determines that venue is proper for Plaintiffs' claims, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTS

7. On January 2, 2015, Plaintiffs filed their Complaint in this Court, which alleges that Defendant has infringed the '359, '645, and '970 patents.

8. On January 21, 2015, Plaintiffs filed their Amended Complaint, which also alleges that Defendant has infringed the '359, '645, and '970 patents.

9. The allegations of infringement in the Complaint and Amended Complaint have created an actual and justiciable controversy between Plaintiffs and Defendant as to the validity and enforceability of the '359, '645, and '970 patents, as well as Defendant's alleged infringement of the '359, '645, and '970 patents.

10. Defendant has not engaged in any activity that constitutes an infringement, directly or indirectly, innocently or willfully, of any valid and enforceable claim of the '359, '645, or '970 patents.

11. All, or at least some, of the claims of the '359, '645, and '970 patents are invalid, void, and/or unenforceable because they fail to comply with one or more of the conditions of

patentability set forth in the patent laws of the United States, namely 35 U.S.C. § 101 *et seq*., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

12. Defendant incorporates by reference paragraphs 1 through 11 above as though fully set forth herein.

13. Defendant has not infringed, nor is it presently infringing, directly or indirectly, any valid claim of the '359, '645, or '970 patents.

14. An actual controversy exists between Defendant and Plaintiffs with respect to whether Defendant infringes the claims of the '359, '645, and '970 patents.

15. Defendant seeks a declaratory judgment that it does not infringe the claims of the '359, '645, or '970 patents.

16. Defendant has no adequate remedy at law.

## SECOND COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY)

17. Defendant incorporates by reference paragraphs 1 through 16 above as though fully set forth herein.

18. The claims of the '359, '645, and '970 patents are invalid for failure to comply with one or more of the requirements of the patent laws of the United States, including, but not limited to, those codified at 35 U.S.C. §§ 101, 102, 103 and 112.

19. An actual controversy exists between Defendant and Plaintiffs with respect to the validity of the claims of the '359, '645, and '970 patents.

20. Defendant seeks a declaratory judgment that the claims of the '359, '645, and '970 patents are invalid.

21. Defendant has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

22. Defendant requests a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays for relief against Plaintiffs as follows:

(a) For dismissal of Plaintiffs' Complaint and Amended Complaint in their entirety with prejudice, an entry of judgment in favor of Defendant on all claims set forth in the Complaint and Amended Complaint, and that Plaintiffs be denied all relief requested in the Complaint and Amended Complaint;

(b) For a declaration that Defendant has not infringed and is not infringing, directly or indirectly, any claim of the '359, '645, and '970 patents;

(c) For a declaration that the '359, '645, and '970 patents are invalid;

(d) For a declaration that this is an exceptional case under 35 U.S.C. § 285 and an award to Defendant of its reasonable attorneys' fees and expenses in this action;

(e) For an award of Defendant's costs and expenses in this action; and

(f) For such other relief as the Court may deem just and proper.

Case No. 15-cv-80001-KAM

Dated: February 12, 2015  Respectfully submitted,

      <u>s/ Mark E. Stein</u>
      Mark E. Stein
      MARK STEIN LAW
      18305 Biscayne Blvd., Ste 302
      Aventura, FL.  33160
      Direct Dial:  (305) 356-7550

Of Counsel:

Joel T. Beres (KY Bar #125890)
Melissa Hunter Smith (TN Bar #026387)
STITES & HARBISON PLLC
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN  37219-2490
Telephone: (615) 244-5200

*COUNSEL FOR DEFENDANT*
*PIZZA HUT OF AMERICA, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of February 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and served the document via tranmission of Notice of Electronic Filing generated by CM/ECF on all counsel identified on the Service List.

/s/ Mark E. Stein_____
Mark E. Stein

## SERVICE LIST

Jason P. Dollard
Law Offices of Jason P. Dollard P.A.
127 NE 2nd Avenue
Delray Beach, FL 33444
561-819-5406561-819-5406
Fax: 819-5407
Email: jdollard@jpdesq.com

*Counsel for Plaintiffs*